## NEELY *v.* NAGLEE.

WHEN a legal notice is served by mail, the distance which it travels is a question of fact to be determined by proof.

The law fixing the distances from the different County Seats to the Capital, State Prison, and Asylum, refers only to the distances for which mileage shall be allowed to Sheriffs, County Treasurers, etc., and has no application to the service of legal notices.

The statement or representation of an agent, made at the time of a transaction which is within the scope of his authority, is evidence against the principal himself.

When an agent's letters have been adopted or acted upon by the principal, they become admissible in evidence against the principal.

APPEAL from the Third Judicial District, Santa Clara County.

The facts are stated in the opinion of the Court.

*W. W. Stow,* for Appellant.

" The declarations or admissions of an agent, made in regard to a transaction already past, but while his agency for a similar purpose still continues, will not bind the principal." (See a similar letter in *Webber* v. *Marshall,* 19 Cal. 453; and see this case subsequently decided on the ground and principle above laid down.) *Thallhimer* v. *Brinckerhof* (4 Wend. 394), was decided on this principle, and Judge Marcy quotes, with approbation, *Bentham* v. *Benson* (Gow's N. P. 45), as follows : " It is not true that when an agency is established, the declarations of an agent are admitted in evidence merely because they are his declarations ; they are only evidence when they form a part of the contract entered into by the agent, on the behalf of his principal, and in that simple case, they become admissible." (*Fairlie* v. *Hastings,* 10 Vesey, 123 ;

see *City Bank of B.* v. *Bateman,* 7 H. & John. 104, 108; 19 Pick. 220; 3 Day, 491, 495; 8 Metc. 142; *Laughom* v. *Allnutt,* 4 Taunt. 511.)    The law is too well settled to admit of a doubt.

*C. T. Ryland,* for Respondent.

In the letter, Janes does not say " our arrangement about the cattle *was,*" but, " our arrangement *is,*" as follows: This contract or letter is signed by him, as Naglee's agent.   He was acting for Naglee; he was making the contract then.   He was not, as appellant now contends, telling what the arrangement had been.   He spoke nothing of a former contract, but was at the date of that instrument, making the contract itself.   From the evidence, it will appear that what defendant calls admissions of the agent, were made *dum fervet opus,* and that exhibit No 6, being the contract, was made during that time, and was in fact *res gestæ.*    (See 1 Greenl. 113–126; Story's Agency, 134, 135; 9 Cal. 256.)   The case in 19 Cal. 453, referred to by defendant, is not in point.   In that case, the agreement was as a fact, made before the letter of Hammond was written; and the letter shows on its face that it referred to a prior transaction, and was written as evidence of such prior agreement.

CROCKER, J. delivered the opinion of the Court—COPE, C. J. and NORTON, J. concurring.

This was an action upon an account for work and labor performed by the plaintiff and his wife, for goods sold, money paid, etc.   The case was, by stipulation of the parties and order of the Court, referred to a referee to take the testimony and report the same to the Court.   The referee took the testimony, duly reported the same, the Court filed its findings therein in favor of the plaintiff, and judgment was rendered accordingly, from which the defendant appeals.

The stipulation of the parties provides that five days' notice of the time and place of taking the testimony by the referee should be given to the parties.   The referee resided at San José, and the testimony was taken there, while the defendant's attorney resided at San Francisco.   A proper notice, specifying the time and place

of taking the testimony, was duly deposited in the post-office at San José, postage paid, directed to the defendant's attorney at San Francisco, seven days before the time fixed. The defendant did not appear at the taking of the testimony; and when the case came before the Court, upon the testimony as reported by the referee, the plaintiff moved for judgment upon the pleadings and testimony, which was opposed by the defendant, who objected to the Court's considering any part of the testimony, on the ground that he was not present when it was taken, and proper notice had not been given. On the hearing of this motion, the plaintiff introduced a witness who testified that he knew the distance between San José and San Francisco, and that the distance by the United States mail-route is about forty-eight or fifty miles. The defendant, however, contended that the distance was to be ascertained by the Statute of 1858, defining the legal distances from each county seat to the Capital, Lunatic Asylum, and State Prison; that by that act the legal distance from San José to San Quentin was fixed at eighty miles, and the distance from San Francisco to the latter place was fixed at twelve miles, leaving the legal distance from San José to San Francisco at sixty-eight miles, which, at twenty-five miles per day, would require three instead of two days for the traveling time of the notice. The Court overruled the defendant's objection, and he now assigns this action of the Court as error.

The act referred to by the defendant declares that the distances established by it, are the legal distances for which mileage shall be allowed for County Treasurers settling their accounts, for conveying the insane to the State Asylum, and to Sheriffs for transporting prisoners to the State Prison, and it therefore has no appplication to the question before the Court. The distance between San José and San Francisco was a fact to be determined by proper evidence; and such evidence was introduced by the plaintiff, establishing it at forty-eight to fifty miles. This evidence shows that the notice was served in due time, and the Court therefore properly overruled the defendant's objection.

Among other evidence reported by the referee was the following letter to the plaintiff, written by Janes, the defendant's agent, to wit:

Neely v. Naglee.

SAN FRANCISCO, December 1st, 1860.

Mr. ROBERT NEELY—Dear Sir: Our arrangement about cattle, hogs, and poultry, on Naglee's place in San José, occupied by you, is as follows: For taking care of the same, you are to have half the produce and increase, Naglee furnishing the feed and service of bulls, etc.—you doing all the labor.   Yours, etc.,

H. P. JANES,
Agent for H. M. Naglee.

The defendant moved the Court below to strike out this letter from the testimony, on the ground that it was a mere declaration or admission made by the agent *after* the agreement stated in the letter was made, and therefore not admissible.   The Court overruled this motion, and this is also assigned for error.

The general rule is that the statement or representation of an agent, at the time of a transaction which is within the scope of his authority, is evidence against the principal himself, in consequence of the legal relation between principal and agent.   (1 Phillip's Ev. C. H. & E.'s Notes, 507.)   But when an agent has said or written anything relative to a transaction which is past and completed, the question of the admissibility of the agent's declaration without calling the agent depends on the point whether the making of such a statement was within the scope of the agent's authority.   (Id. 513.)   When an agent's letters have been adopted or acted upon by the principal, they become admissible against him, for the principal's conduct raises the inference that the letters were written within the scope of the agent's authority.   (Id. 516.)

From the terms of this letter it would seem to relate to a present contract then put in writing.   The words are, " our agreement *is* as follows," not *was*, which would have been the word used had the writer referred to an agreement previously made.   The writing is therefore to be considered as the agreement itself, and not as an admission merely of some prior contract.   The authority of the agent to make such an agreement on behalf of the defendant is not disputed.   The evidence shows further that the plaintiff afterwards exhibited to the defendant his account, which included the matters to which this letter relates, and he made no objection to it, but

promised to send him the money from San Francisco, where he was going the next day. It appears also that one Fox, on behalf of the plaintiff, asked the defendant for a settlement of the plaintiff's accounts with him, and for a division of the stock and poultry, to which the defendant replied that he was not prepared; but he made no objection as to the right of the plaintiff to a division. From this evidence it would seem that the defendant must have known of the agreement referred to in the letter, and that he had adopted or acquiesced in it. It is clear, however, that the Court did not err in overruling this motion of the defendant.

The judgment is therefore affirmed.