[Sac. No. 217.   Department Two.—December 2, 1897.]

In the Matter of the Trust Estate of O. C. PRATT, Deceased. DANIEL SULLIVAN et al., Appellants, v. LIZZIE E. PRATT et al., Respondents.

ESTATES OF DECEASED PERSONS—TRUST UNDER WILL—SETTLEMENT OF ACCOUNT OF TRUSTEES—ERROR IN DATE OF COMMENCEMENT OF ANNUITY—AMENDMENT.— Where an order settling an annual account of trustees under the will of a deceased person erroneously purported to fix the date of the commencement of an annuity upon which payments were made by the trustees at a time subsequent to the death of the testator,

and contrary to the previous express decision of the court that the annuity was to date from the testator's decease, made in an action brought by the trustees to determine the date from which the annuity began to run, it is proper for the court to grant a motion, based upon all the papers and proceedings in both causes, for an amendatory order, such that the sums paid by the trustees should be merely "allowed on account of said annuity."

APPEAL from an order of the Superior Court of Butte County amending a previous order settling an annual account of trustees under the will of a deceased person. John C. Gray, Judge.

The facts are stated in the opinion, and in the decision therein referred to.

Charles F. Hanlon, and E. L. Campbell, for Appellants.

McKinstry & McKinstry, and F. C. Lusk, for Respondents.

SEARLS, C.—This is an appeal from an order of the superior court in and for the county of Butte modifying an order settling the second annual account of A. H. Crew and F. C. Lusk, trustees under the last will of O. C. Pratt, deceased.

The general facts are stated in *Crew v. Pratt, ante,* p. 131, this day decided, and need not be repeated here.

On the twenty-sixth day of March, 1895, the court entered an order settling the account of the trustees for the year 1894, which order, among other things, provided that four thousand dollars, which had been paid to Lizzie E. Pratt on account of her annuity under the last will of O. C. Pratt, should be applied as follows: Three thousand seven hundred and fifty dollars thereof for the six months commencing January 1, 1894, and the balance on account of the second semi-annual installment of her annuity for the half year commencing July 1, 1894.

Lizzie E. Pratt came into court on or about April 28, 1895, and filed and served a sworn notice and sworn statement on a motion to amend the order of the court so far as it purported to fix the periods to which the payments should apply, so that the order would read, "said sums aggregating four thousand dollars are hereby allowed on account of said annuity."

The statement averred the original order to be erroneous, as it in effect provided that the annuity should run from January,

1894, instead of from the date of the death of the testator, O. C. Pratt, and as being contrary to the decision of the court in *Crew v. Pratt, supra,* decided March 20, 1895, in which it was held that the annuity ran "from the death of O. C. Pratt, to wit, from the twenty-fourth day of October, 1891."

The knowledge of the existence of this judgment is given in the statement as a reason why she did not appear at the settlement of the account, etc. The motion is based upon the petition and upon the files, papers, and proceedings in the cause and in the case of *Crew v. Pratt, supra.*

A motion was made to dismiss the motion, which was properly denied, as the papers and proceedings in *Crew v. Pratt, supra,* upon which it was based, showed the original order to be erroneous and the proposed order proper.

The testimony at the hearing did not change the aspect of the case, and the court amended the order.

The case of *Crew v. Pratt, supra,* was brought to determine the date from which the annuity of Lizzie E. Pratt ran, and it was held it commenced at the date of the death of O. C. Pratt, viz., October 24, 1891.

In the opinion in that case, this day filed, every question of any importance discussed on this appeal is noticed, and the judgment in that case is affirmed.

For the reasons there given we recommend that the order appealed from here be affirmed.

Belcher, C., and Britt, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is affirmed.

McFarland, J., Henshaw, J., Temple, J.