[No. 66.    First Appellate District.—September 22, 1905.]

## MATILDA QUIGLEY, Respondent, v. CHARLES R. EL-LENWOOD, Appellant.

UNLAWFUL DETAINER—SERVICE OF SUMMONS BY PUBLICATION—PREMA-TURE JUDGMENT BY DEFAULT.—In an action of unlawful detainer, where the service is made by publication of summons on the ground that defendant is concealing himself to avoid personal service, the service is not made until the publication is completed, and the defendant is allowed two full days thereafter in which to appear and answer. The entry of a judgment by default on the second day thereafter is premature, and will be reversed upon appeal.

1d.—ACTION AND DUTY OF PLAINTIFF.—In taking a judgment by de-
   fault the plaintiff acts at his peril.  He must see that the law has
   been complied with, and that the time for appearance has expired.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco.  J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

Z. U. Dodge, for Appellant.

James P. Sweeney, for Respondent.

COOPER, J.—Unlawful detainer.

Judgment by default was entered against defendant, from
which he appeals.

Summons was issued May 21, 1902, and on the same day
the plaintiff filed an affidavit, stating that personal service
could not be made for the reason that defendant could not be
found, and was concealing himself to avoid service.  The
judge thereupon made an order directing that service be made
by publication in a daily newspaper published in San Fran-
cisco, commencing with the twenty-first day of May, until
and including the twenty-sixth day of May, 1902, and direct-
ing that the summons be returned on the twenty-sixth day of
May, 1902, which was the return day named in the summons.

The summons was not served until the completion of the
period of time prescribed for its publication,—that is, May
26, 1902.  Judgment by default was entered May 28, 1902.

The code provides (Code Civ. Proc., sec. 1166) that the
summons must be "returnable at a day designated therein,
which shall not be less than three days, nor more than twelve
days from its date, except in cases where the publication of
the summons is necessary, in which case the court or a justice
thereof, may order that the summons be made returnable at
such time as may be deemed proper, and the summons shall
specify the return day so fixed."

It is further provided (sec. 1167) that the summons must
be "served at least two days before the return day desig-
nated therein."

In this case the summons was not served until the return
day, that being the day when the publication was complete.

The law contemplates that the defendant in any case shall have two days after the summons is served in which to answer. "If, at the time appointed, the defendant do not appear and defend, the court must enter his default, and render judgment in favor of the plaintiff, as prayed for in the complaint." (Sec. 1169.) Defendant did not appear and defend at the time appointed, but he had not been served with the summons at said time. He was not served until the expiration of the last day of publication, May 26th. He was not then given two days to appear and answer or defend, for the judgment was entered and recorded May 28th.

In taking a judgment by default the plaintiff acts at his peril. He must see that the law has been complied with and that the time for appearance has expired. Otherwise he takes the chances of having his judgment set aside or reversed.

The judgment is reversed and the default set aside and the court below directed to allow defendant two days to appear or answer.

Harrison, P. J., and Hall, J., concurred.