[Civ. No. 1204.    Second Appellate District.—December ·18, 1912.]

QUAN QUOCK FONG and QUAN SUE, Appellants, v. GEORGE W. LYONS, Constable of Los Angeles Township, in Los Angeles County, California, GEORGE W. ROSSO, MARTIN F. BETKOWSKI and F. H. BRAKE-SHULER, Respondents.

ORDER VACATING DEFAULT JUDGMENT—APPEAL—NOTICE OF MOTION TO VACATE—GROUND—CONSTRUCTION OF AFFIDAVIT AND MOTION—PREMATURE DEFAULT.—Upon appeal from an order vacating a judgment by default, upon a fair construction of an affidavit attached to the motion and forming a part thereof, which states facts clearly showing that the default was prematurely entered, it appears from a fair construction of the affidavit and motion taken together, that

the notice of the motion to vacate the judgment was upon that ground.

Id.—Insufficient Affidavit of Merits as to Defense.—An affidavit of merits which merely states "that affiant was fully advised of the facts and circumstances involved in the defense" is insufficient.

Id.—Affidavit of Merits -Required Under Section 473, Code of Civil Procedure—Not Required Under Motion to Vacate Premature Default Judgment.—It is to be assumed that an affidavit of merits is required in proceedings for relief under section 473 of the Code of Civil Procedure. But no affidavit of merits is required in a proceeding by motion made and granted to vacate a judgment by default, as having been prematurely entered.

Id.—Presumption—Verifying Motion to Vacate — Calendar — Enlarged Time to Answer—Protection Equal to Time of Summons —Affidavit of Merits not Required Under Summons.—The court having before it the ground of the motion to vacate the premature judgment stated in the affidavit, it could, and it will be presumed that it did verify it by its calendar, and finding that the default and judgment were in disobedience of its order granting further time to answer, properly vacated the same. An enlarged time to answer is as complete a protection as is the original time granted by the summons, in which latter case, it is settled that, for protection, · no affidavit of merits is requisite.

APPEAL from an order of the Superior Court of Los Angeles County vacating a judgment and setting aside a default entered against the defendants. Frank G. Finlayson, Judge.

The facts are stated in the opinion of the court.

Paul W. Schenck, Roland G. Swaffield, and John G. Mulholland, for Appellants.

C. W. Stahl, and C. H. Sayles, for Respondents.

ALLEN, P. J.—This appeal is by plaintiffs from an order vacating a judgment and setting aside a default theretofore made and entered against defendants.

An action, the character of which, or the sufficiency of the complaint to state a cause of action, is not disclosed, was commenced on December 13, 1911, by plaintiffs against defendants, and on December 21st defendants entered their appearance, one of the defendants filing a general demurrer to the complaint, and the other defendants filing a notice of

motion to require plaintiffs to state more specifically certain matters generally alleged. The demurrer was on January 8, 1912, overruled, and on the same day the motion of the other defendants was denied. On January 10, 1912, the default of the defendants, other than the demurring defendant, was entered, and on January 22d the court ordered a judgment to be entered against all of the defendants, except the demurrant. On January 19th the defendants, other than the demurrant, served notice of a motion to vacate the judgment and default, the same to be heard January 29th, which notice of motion stated that the same would be based upon the following grounds, to wit: 1. On the affidavit of C. W. Stahl, a copy of which was attached to and made a part of the motion; 2. On the verified answer duly served on plaintiff's attorneys January 17th, and then in the possession of the clerk of the superior court of Los Angeles County; and 3. Based upon the pleadings, files, and record of the cause. The affidavit of Stahl alleged that at the hearing of the demurrer and motion on January 8th, the court, when it overruled the demurrer and denied the motion, made and announced from the bench and entered upon the court calendar an order giving the defendants ten days in which to prepare and file their answer, which answer was prepared and offered for filing within the time specified, and the same was delivered to the clerk, who refused to mark the same as filed because of the entry of a previous default. Service of the answer of the demurring defendant was admitted. The record shows that the hearing of the motion to vacate was, by stipulation, continued to February 19, 1912, upon which date the same came on for hearing, and upon which hearing only the affidavit of Stahl was received and presented to the court and the court vacated the judgment and set aside the default of defendants. From this order plaintiffs appeal upon a bill of exceptions which discloses the matters hereinbefore stated.

Appellant's first contention is that the notice of motion stated no grounds upon which the same would be based, as required by section 1010 of the Code of Civil Procedure. This section requires that the notice shall state when the motion will be made, the grounds upon which it will be made and the papers, if any, upon which it will be based. We think a fair construction of the notice of motion may be said to

state the grounds of the motion. It stated that the grounds
were based upon the affidavit attached to and forming a part
of the motion. This affidavit disclosed that the court had
announced from the bench and entered upon the court cal-
endar an order giving defendants until January 19th in which
to answer. We think that reading this motion and affidavit
together they state in a manner plainly to be understood
that the motion would be based upon the grounds that the
entry of default was made prematurely and within the time
allowed by the court for answering.

It is next contended that the affidavit of merits was insuffi-
cient. This we think apparent. Such affidavit only stated
"that affiant was fully advised of the facts and circumstances
involved in the defense." This could not be considered an
affidavit of merits. (*Cooper-Power* v. *Hanlon,* 7 Cal. App.
724, [95 Pac. 679], and cases cited.) We are then confronted
with a question as to the necessity of an affidavit of merits
where the motion is based upon facts showing a premature
entry of default and judgment. We may assume that when
a motion is for relief under section 473 of the Code of Civil
Procedure, that an affidavit of merits is necessary. Under
that section the parties are seeking relief on account of mis-
take, surprise, or excusable neglect. That section confers
power upon the court to enlarge the time for answer. When
such power has been exercised and an order made from the
bench enlarging such time, it was the ministerial duty of
the clerk to have entered such order in the minutes, and a
party defendant who answers and tenders for filing the an-
swer within such enlarged time is not guilty of any mistake
or neglect, excusable or otherwise; and when the attention
of the court is called to the failure of the clerk to enter the
proper minute order and the entry of default on account
thereof and the rendition of judgment based upon such un-
authorized default, it possesses the power and it is the duty
of the court to vacate such unwarranted proceeding and re-
store the record to the condition in which it would have been
had the proper order of the court been recognized and obeyed.
In the case at bar the court had before it the grounds of mo-
tion stated in the affidavit. It could, and it will be presumed
that it did, verify the same from its calendar, and finding the
fact to be that the default and subsequent proceedings were

in disobedience of the original order, properly vacated such default and judgment. The enlarged time given defendant by a court to answer is as complete a protection from default as is the original time given to answer, as specified in the summons, in which latter case no affidavit of merits is requisite. (*Foster* v. *Vehmeyer*, 133 Cal. 459, [65 Pac. 974]; *Norton* v. *Atchison etc. R. R. Co.*, 97 Cal. 390, [33 Am. St. Rep. 198, 30 Pac. 585, 32 Pac. 452]; *Waller* v. *Weston*, 125 Cal. 203, [57 Pac. 892].)

It is further insisted by appellants that the record does not disclose that any motion was actually made to vacate the default and judgment. A motion being an application *viva voce* to grant an order, it appears from the order of court that such motion was made. The order reads: "It is ordered that defendants' motion to set aside," etc., "be and the same is hereby granted." Here is a declaration by the court that a motion was made and granted. We see no merit in the contention that the motion was not actually made.

We perceive no error in the action of the court in vacating the judgment and default, which was in line with what we conceive to have been its plain duty under the circumstances of the case.

The order is affirmed.

James, J., and Shaw, J., concurred.