[L. A. No. 4480.   Department One.—November 12, 1918.]

C. C. REHER, Plaintiff and Respondent, v. GEORGE H. REED, Defendant, Cross-complainant and Appellant, and C. C. REHER et al., Cross-defendants and Respondents.

ACTION FOR WORK AND MONEY EXPENDED—CROSS-COMPLAINT FOR BREACH OF CONTRACT—SUFFICIENCY OF EVIDENCE.—In this action based on claims for work performed and money expended, in which defendant in his answer and cross-complaint sought damages for breach of an alleged special contract, it is held that the finding that there was no special contract, as alleged in the answer and cross-complaint, is sustained by the evidence.

ID.—FINDINGS—SUFFICIENCY OF.—The contention that findings of the trial court as to certain of plaintiff's alleged causes of action are indefinite and unintelligible is of no avail to the appellant where these findings are in his favor.

APPEAL from a judgment of the Superior Court of Imperial County.   Franklin J. Cole, Judge.   Affirmed.

The facts are stated in the opinion of the court.

George H. P. Shaw, for Appellant.

H. W. Brewer, and McPherrin & Nichols, for Respondents.

RICHARDS, J., *pro tem.*—This is an appeal by the defendant and cross-complainant George H. Reed from a judgment in plaintiff's favor upon his complaint, and against the cross-complainant upon his cross-complaint. The plaintiff sets forth fourteen causes of action in the form of the common counts for work and labor performed and for money expended by a partnership known as Reher Bros. for the defendant's use and benefit, the said causes of action having been assigned to the plaintiff. The defendant denies each of these alleged causes of action, and for answer and also by way of cross-complaint alleges the existence of a special contract between said partnership and himself by the terms of which the former agreed to level, plow, cultivate, disc harrow, and irrigate a certain tract of land in Imperial County, and alleges that the said partnership failed and neglected to

carry out said contract, by reason of which he was damaged in the sum of $7,285, for which sum he prays judgment in his cross-complaint. The case was tried without a jury, and the trial court by its findings found that as to the first eleven causes of action the plaintiff's complaint was true, but found against the plaintiff upon his last three alleged causes of action. The court also found against the defendant's averment in his answer and cross-complaint as to the existence of any special contract between himself and said copartnership, and further found against the defendant's claim of damages. The plaintiff was accordingly awarded judgment for the sum of $599.14. The defendant moved for a new trial, which motion was denied, and from said judgment and from the order denying his motion for a new trial the defendant prosecutes this appeal.

The appellant's first contention is that the finding of the trial court that there was no special contract between the defendant and the plaintiff's assignor is contrary to the evidence in the case. This contention has no merit. The plaintiff, as one of the members of the said copartnership, testified fully as to the arrangement between the parties upon which the partnership performed the several sorts of services upon which the counts in his complaint were predicated. His testimony upon that subject is contradicted by the defendant in certain material respects, but if believed by the trial court was sufficient to support its findings in the plaintiff's favor. The claim of the appellant that the finding that there was $599.14 due and owing plaintiff is contrary to the evidence is supported by an argument which is more specious than sound. The plaintiff testified from memory as to the several payments which had been made by the defendant as the work progressed. One of these was of the sum of four hundred dollars, which plaintiff stated he had received in December, 1908. The defendant produced canceled checks showing payment of three hundred dollars and one hundred dollars on January 9, 1909, and he claims that he is entitled to credit for these amounts and also for the four hundred dollar payment to which the plaintiff testified, but we think it may be fairly inferred that the payments cover the single credit of four hundred dollars, particularly in view of the fact that the defendant produced no check showing any payment in the month of December.

The appellant's further contention that the findings of the court as to the plaintiff's last three alleged causes of action are indefinite and unintelligible can be of no avail to him, for the reason that as to those three causes of action the findings were in his favor. As to the other contentions of the appellant with respect to alleged errors of the trial court in the admission and exclusion of evidence, none of them involve any legal principle or are supported by any authority or appear otherwise to have any semblance of merit.

Judgment and order affirmed.

Sloss, J., and Victor E. Shaw, J., *pro tem.*, concurred.