JAMES MILLS ORCHARDS CORPORATION, Plaintiff, *v.* MILO O. FRANK and Another, Individually and as Executors of the Last Will and Testament of JOSEPH H. STEINHARDT, Deceased, Defendants.

Supreme Court, New York County, July 1, 1930.

408

*Sullivan & Cromwell* [*Walter C. Lundgren* of counsel], for the plaintiff.

*Nordlinger & Riegelman* [*David B. Lefkowitz* of counsel], for the defendants.

HAMMER, J. The plaintiff, a New York corporation, doing business in Glenn county, Cal., as owner of orchards growing apricots, sued defendants' testator in the Superior Court of the State of California. The claim in suit was that in the month of June, 1924, the plaintiff shipped to said testator certain apricots upon the testator's undertaking and agreement to sell same upon a commission basis and produce for plaintiff such a net return as would cover all costs, charges and expenses in the production of the apricots, overhead charges, interest on capital, expenses and charges in transportation and sale; that the apricots which were shipped to and sold by said testator did not produce such net return, to plaintiff's damage in the sum of $3,015.34. The action in that court was brought by plaintiff against Steinhardt, and upon his death his executors were substituted as defendants. The action here is upon a judgment claimed by plaintiff to have been duly given in the Superior Court of California, on January 21, 1926, in the sum of $3,015.34, with interest thereon at seven per cent, and $7 as costs and disbursements in obtaining said judgment. Defendants claim that the California court did not have jurisdiction and that the judgment was procured by fraud and have set up three defenses: (1) Fraud; (2) that no motion was made for the order allowing an amended complaint, and (3) that the default judgment was entered without jurisdiction, that is, prematurely, on the last day which

the defendant had to answer plaintiff's amended complaint. The claim of lack of jurisdiction appears to be an attempt to attack collaterally by evidence outside the record itself the judgment of the California court. Such judgment is not void upon its face, but merely voidable and is not subject to such collateral attack. The claim of fraud is a direct attack upon a judgment but is not sustained by the evidence. Each of these propositions will be later separately examined. The jurisdictional defect relied upon by the defendants is that the default was entered, and thereon judgment also entered, on January 14, 1926, before the time of the defendants to answer had expired. The affidavit of service contained in the California record showed that the amended complaint was served on December 29, 1925, in California. Where a complaint is served by mail the defendant has ten days from the date of service within which to answer, and one day extra for every twenty-five miles distance between the place of the plaintiff's attorney's office and that of the defendant's attorney's office. Defendants claim that it appears on the face of the California judgment record that the distance between the two controlling points was one hundred and fifty miles, allowing sixteen days for service of answer and showing the entry of default and judgment to be premature. The defendants assert that under California law distance is measured by the usual mail route between the two points in question. (*Neeley* v. *Nagley*, 23 Cal. 152.) Such distance is a matter of judicial notice; and that the entry of the default judgment by the clerk, under the circumstances, was void, such defects appearing on the face of the judgment roll, and there being in consequence no jurisdiction in the clerk or the court in entering the judgment.

It was shown upon the trial that the Superior Court of California is a court of general jurisdiction. The presumption is that such a court proceeded to judgment only after duly acquiring jurisdiction, both of the subject-matter and the parties, that it acted in accordance with the rules of practice and procedure governing it, and did not act until every prerequisite of the law had been satisfied. (*Smith* v. *Central Trust Co.*, 154 N. Y. 333; *Steinhart* v. *Baker*, 163 id. 410; Brown Jurisdiction, § 28; *Potter* v. *Merchants' Bank*, 28 N. Y. 641, 656; *Foot* v. *Stevens*, 17 Wend. 483.)

What constitutes direct and collateral attack is described in Corpus Juris (Vol. 34, p. 520) as follows: "A direct attack on a judgment is an attempt to avoid or correct it in some manner provided by law, in a proceeding instituted for that very purpose, in the same action and in the same court; and the fact that other incidental relief is also asked is immaterial. Such is a motion or other proceeding to vacate, annul, cancel, or set aside the judgment, a direct

action to impeach and avoid the judgment, a motion in arrest of judgment, for a rehearing, or for a new trial, or any proceeding to review it in an appellate court, whether by appeal, error, or certiorari, action to review, bill of review, or writ of review. Under some circumstances, an action to quiet title is a direct attack upon the judgment; under others it is considered a collateral attack. Where the element of fraud or mistake is involved in the issue it is a general rule that the attack is direct. A collateral attack is an attempt to impeach the judgment by matters dehors the record, in an action other than that in which it was rendered; an attempt to avoid, defeat, or evade it, or deny its force and effect, in some incidental proceeding not provided by law for the express purpose of attacking it; any proceeding which is not instituted for the express purpose of annulling, correcting, or modifying such decree; an objection, incidentally raised in the course of the proceeding, which presents an issue collateral to the issues made by the pleadings. In other words, if the action or proceeding has an independent purpose and contemplates some other relief or result, although the overturning of the judgment may be important or even necessary to its success, then the attack upon the judgment is collateral. This is the case where the proceeding is founded directly upon the judgment in question, or upon any of its incidents or consequences as a judgment, or where the judgment forms a part of plaintiff's title or of the evidence by which his claim is supported. Where no relief is sought against a judgment, as, for instance, where the proceeding is for the purpose of construing the judgment, or determining its nature, there is no infraction of the rule against collateral attack." (See authorities cited also in 11 C. J. p. 960.)

In *Hall* v. *Hall* (139 App. Div. 120, at p. 124) LAUGHLIN, J., said: " It is well settled that a judgment rendered in our own or in a sister State or in a foreign country may be attacked collaterally for want of jurisdiction, or for fraud perpetrated upon the court or upon one of the parties to the action; and FOLGER, J., in writing for the court in *Hunt* v. *Hunt* (72 N. Y. 217, 227), states the rule with respect to the nature of the fraud as follows: ' But the fraud in such case is made up of the same constituents as is fraud in any other case, and the same state of facts must appear which is required in other cases. There must be fraudulent allegations and representations designed and intended to mislead, with knowledge of falsity, and resulting in damaging deception.' "

Where the proper grounds for attack are shown without question, the courts of this State having obtained jurisdiction of the parties, have full power to grant relief. (*Gray* v. *Richmond Bicycle Co.*, 167 N. Y. 348; *Davis* v. *Cornue*, 151 id. 172.)

In plaintiff's memorandum the statement is made: "We do not deny that if fraud is shown defendants are entitled to relief. The important inquiry remains, however, in determining what must be shown in order to constitute fraud which will entitle defendants to relief."

In California the law is stated in *Flood* v. *Templeton* (152 Cal. 148), quoting from *Patch* v. *Ward* (L. R. 3 Ch. App. 207): " * * * Actual fraud, such that there is on the part of the person chargeable with it, the *malus animus*, the *mala mens*, putting itself in motion and acting in order to take an undue advantage of some other person for the purpose of actually and knowingly defrauding him." (*Murdock* v. *DeVries*, 37 Cal. 527.)

The United States Supreme Court in *United States* v. *Throckmorton* (98 U. S. 61), in defining the powers of equity courts, and passing upon enforcement or denial of judgments, stated (pp. 65, 66): *" But there is an admitted exception to this general rule in cases where, by reason of something done by the successful party to a suit, there was in fact no adversary trial or decision of the issue in the case.* Where the unsuccessful party has been prevented from exhibiting fully his case, by fraud or deception practiced on him by his opponent, as by keeping him away from court, a false promise of a compromise; or where the defendant never had knowledge of the suit, being kept in ignorance by the acts of the plaintiff; or where an attorney fraudulently or without authority assumes to represent a party and connives at his defeat; or where the attorney regularly employed corruptly sells out his client's interest to the other side — *these, and similar cases which show that there has never been a real contest in the trial or hearing of the case, are reasons for which a new suit may be sustained to set aside and annul the former judgment or decree, and open the case for a new and a fair hearing.* See Wells, Res Adjudicata, sect. 499; *Pearce* v. *Olney*, 20 Conn. 544; *Wierich* v. *De Zoya*, 7 Ill. 385; *Kent* v. *Ricards*, 3 Md. Ch. 392; *Smith* v. *Lowry*, 1 Johns. (N. Y.) Ch. 320; *De Louis et al.* v. *Meek et al.*, 2 Iowa, 55." (See *Bacon* v. *Bacon*, 150 Cal. 477, and *Marine Ins. Co.* v. *Hodgson*, 7 Cranch, 333, in which MARSHALL, Ch. J., said: " It may safely be said that any fact which clearly proves it to be against conscience to execute a judgment, and of which the injured party could not have availed himself in a Court of law; or of which he might have availed himself at law, but was prevented by fraud or accident unmixed with any fault or negligence in himself or his agents, will justify an application to a Court of Chancery.")

Do the facts in the instant case come within the rules laid down above? The original complaint in the California Superior Court

was filed September 26, 1924. Walter H. Duane, defendant Steinhardt's attorney, on February 26, 1925, mailed a demurrer to the complaint. On March 2, 1925, he wrote a letter to plaintiff's attorney, George R. Freeman, stating that as he could not be in Willows on March third, he was going to submit. By letter on March 17, 1925, he asked for an extension of time to prepare an answer. The answer was filed on March 31, 1925. On April 8, 1925, he wrote the plaintiff's attorney that he could not try the case before May twenty-fifth. On September third plaintiff's attorney wrote defendants' attorney as follows: "At present this case is set for trial for September 23rd but it is my intention to ask permission to file an amended complaint and consequently it will be impossible to proceed with the trial on the date set, as you will undoubtedly want to take your statutory time to demur. Is there any objection on your part to the Court making an order permitting us to amend?"

The reply to this letter on September 10, 1925, states: "This will acknowledge receipt of your letter of the 3rd instant relative to the above matter, and in reply thereto beg to advise that there is no objection on my part to the Court making an order permitting you to amend your complaint.

"Of course, in order to reserve the rights of my client, I will want the usual time in which to demur or answer.

"Trusting that this will expedite matters for you, I am."

On September fifteenth the Superior Court, without notice to defendant's attorney, made its order as follows: "Good cause being shown therefor and defendant consenting thereto,

"It is ordered that plaintiff may file herein an amended complaint and that defendant shall have the usual time for demurring and answering said amended complaint."

The amended complaint was served and filed on December twenty-ninth. There is also evidence that on the same day defendants' attorney wrote plaintiff's attorney advising that the amended complaint was being served. On January 14, 1926, written request for the entry of default was made by the plaintiff. The judgment roll was filed on January 21, 1926. In explanation of the discrepancy of these two dates the attorney for the plaintiff and Rawhauser, the deputy clerk of the court, gave oral testimony that the judgment was not signed until January 21, 1926. On this point it is well to note that although defendants claim that lack of jurisdiction appears on the face of the judgment, and that under California law the court will take judicial notice of the distance between Willows and San Francisco, reliance was not placed upon such claim to the extent of requesting the court to take judicial

notice, but oral testimony was given by Attorney Torregano, expert on California law of defendants, to show the distance in miles as well as the method used in computation. Defendants object, however, to plaintiff showing by oral testimony the discrepancy between the dates of January 14, 1926, and January 21, 1926, on the judgment roll, which evidence establishes that the judgment was entered on January twenty-first, for the reason that it was only signed on that date. The assertion of defendants that distance is a matter of judicial notice is not sustained by the case of *Neeley* v. *Nagley* (*supra*), relied upon by defendants, where it was held that " the distance between San Jose and San Francisco was a fact to be determined by proper evidence."

Even though it was error to enter the default in the original case in my opinion the judgment is not subject to attack on that ground in the instant case. It is not void on its face. The service of the amended complaint, the distance of Willows from San Francisco, by proof or by judicial notice, the time above ten days, required for service of answer, and whether the time had run when the default was noticed, were questions of fact or of law requiring decision by the Superior Court of California within its jurisdiction to decide. The very necessity of offering proof as to distance and method of computing same, demonstrates this. Assuming that the Superior Court would take judicial notice it must be presumed that it did and found the distance such that the time to answer had run. No attack being made, upon the affidavit of service, it must be assumed that the court ruled upon it and found the facts therein proved. Assuming that the court was required to pass upon time and distance it must be presumed that it did, and found the facts of its jurisdiction therein contained. With the correctness or possibly error of this determination we are not here concerned. We have no jurisdiction to question it. In *Gray* v. *Hall* (265 Pac. 246 [March, 1928]) it was decided, WASTE, Ch. J., in his opinion (at p. 251), stating: " The judgment rendered there is in full force and effect, for it was not appealed and has not been vacated or set aside. The decision of the court was final and cannot be reviewed on appeal, for there is now no appeal. Nor will a review be permitted upon this application for a writ of mandamus. Assuming that mandamus is a remedy open to the petitioner, there is nothing in the law relating to such a proceeding to indicate that the respondent may avail himself of the position, which he now takes, to review the decision of the court in the original action upon a question of law which does not involve the jurisdiction or powers of the court to act in the matter. If the court had determined in the original action that the answer

of the defendant was sufficient, or had refused to enter his default for not answering, the respondent would not now be contending that the court had no jurisdiction to so decide. It is fundamental that it had jurisdiction to decide the matter either way. Jurisdiction in cases of this character implies the power of the court to decide a question wrongly as well as rightly. It is not necessary for us to determine in this proceeding whether the ruling of the court in the original action was correct or not. This being a collateral attack upon the judgment, we need have gone no further than to determine whether it was void or not. *Howe* v. *Southrey,* 144 Cal. 767, 769; 78 P. 259. But, because of the importance of the question involved in its relation to our method of pleading, we deemed it advisable to do so, with the result already announced.

" The judgment in *Gray* v. *Yarbrough* [215 P. 914] was voidable merely and not void, and is but an instance of an erroneous exercise of jurisdiction and not an entire lack, or even loss, of jurisdiction. Jurisdiction is but the power to hear and determine, and it does not depend upon the correctness of the decision made. *Bennett* v. *Wilson,* 133 Cal. 379, 385; 65 P. 880; 85 Am. St. Rep. 207; *Rountree* v. *Montague,* 30 Cal. App. 170, 178; 157 P. 623. The court having acquired jurisdiction of the subject-matter and of the parties, its judgment is not void for the mere erroneous decision on a question of law, however important that question may have been in contemplation of the rights of the parties in the original action. A judgment is never absolutely void if the court has jurisdiction of the subject-matter and the person of the defendant no matter how erroneous it may be. *Mayo* v. *Ah Loy,* 32 Cal. 477, 480; 91 Am. Dec. 595; *Crew* v. *Pratt,* 119 Cal. 139, 151; 51 P. 1099. * * * The manner of exercising its jurisdiction cannot make void the action of the court. *Cloud* v. *El Dorado County,* 12 Cal. 128, 133; 73 Am. Dec. 526. Neither will such judgment be in the least affected because its impotency appears from the judgment roll. *Wood* v. *Jordan,* 125 Cal. 261, 262; 57 P. 997; *Rountree* v. *Montague, supra.*" (*Dobson* v. *Pearce,* 12 N. Y. 156.)

Having disposed of the proposition of the jurisdiction of the Superior Court of California, we arrive at the question of fraud. Reference has already been made to the type and character of fraud and imposition which may invalidate a judgment, and further reference will be hereafter made to other authorities.

The first allegation is that the " order allowing the filing of the amended complaint was fraudulently obtained." The letter of Duane to Freeman dated September 10, 1925, contains the statement, " There is no objection on my part to the Court making an order permitting you to amend your complaint." Equity will not

assume evil intent upon the part of plaintiff's attorney in relying upon this letter as a consent to the entry of the order. Defendants claim the letter was only an expression of intent that when formal consent was requested defendants' attorney would give this consent. Since equity regards that as done which should have been done fraud may not be predicated alone upon a failure to obtain a formal stipulation of consent and the inclusion of same in the order permitting the amendment. Defendants' attorney having expressed his willingness to consent in writing, fraud in equity may not be predicated upon a failure to file the evidence of the consent in court.

The second allegation of fraud is that the affidavit of service of the amended answer was false and fraudulent, no amended complaint having been received by defendants' attorney or served by plaintiff's attorney. The affidavit of service in the record of the Superior Court, as well as the oral testimony of Louise Reese, which is not contradicted except possibly by the weak testimony of defendants' attorney "that to the best of his recollection an amended complaint was not received by him or his office," clearly shows that the amended answer was served.

The third allegation of fraud is that plaintiff fraudulently permitted six months to elapse from the date of the entry of the judgment without notifying the defendants' testator of the existence thereof, with the intent that the defendants' testator should be barred by a six months' limitation from taking any effective action to vacate and set aside said judgment. No evidence was adduced by defendants showing that the law, practice or procedure of the State of California required that notice of a default judgment be given. Without such a requirement plaintiff was under no duty to give such a notice. Unless a duty exists to act, fraud may not be predicated upon a claim of failure to act.

During the trial a fourth claim of fraud was made by the defendants that as part of its general scheme, including the allegations heretofore set forth, plaintiff's counsel falsely represented to the Superior Court that defendants' testator's time to answer the amended complaint had expired and through such deceit caused the court to enter the default and judgment. There is no evidence of such a representation other than may be gathered from the record of the Superior Court. That merely shows a request by the plaintiff's attorney that a default be entered. The uncontradicted testimony of the deputy clerk, Rawhauser, and plaintiff's attorney, Freeman, is that although the clerk entered the default he did not sign or file the judgment until seven days later. There is no evidence in support of this claim of false representation, or if any repre-

sentation as to the expiration of defendants' time was made, that the clerk was deceived.

From the foregoing I conclude that defendants' evidence not only does not sustain the allegations of fraud asserted but does not establish such actual fraud rather than constructive fraud which within the rules laid down in the cases would move the court to grant the relief sought. (See *Crouse* v. *McVickar*, 207 N. Y. 213; *Gray* v. *Richmond Bicycle Co.*, 167 id. 348; *Mayor, etc.*, v. *Brady*, 115 id. 599; *Ward* v. *Town of Southfield*, 102 id. 287; *Ross* v. *Wood*, 70 id. 8; *Verplanck* v. *Van Buren*, 76 id. 247; *Kinnier* v. *Kinnier*, 45 id. 535; *Dobson* v. *Pearce*, 12 id. 156; *Pendleton* v. *Weed*, 17 id. 72; *Hall* v. *Hall*, 139 App. Div. 120; *Goldstein* v. *Goldstein*, 166 N. Y. Supp. 1074; *Rice* v. *Bruff*, 87 Hun, 511; *Baker* v. *Byrn*, 89 id. 115.)

The cases cited by the defendants which I have examined either have no application for the reasons already pointed out or are clearly distinguishable.

The cases cited are as follows: *Billings* v. *Palmer* (2 Cal. App. 432). The judgment was set aside and the default opened on motion.

*Quigley* v. *Ellenwood* (1 Cal. App. 626). Upon appeal where a default was entered prior to the expiration of defendant's time to appear or answer the court reversed the judgment, opened the default and gave the defendant two days to appear or answer.

*Reher* v. *Reed* (179 Cal. 235). Upon motion the judgment was set aside and the default opened for the reason that defendant had filed his pleading before the entry of the default, and the court held that the time to plead had been extended up to the time it was filed.

*Quan Quock Fong* v. *Lyons* (20 Cal. App. 668). Upon motion the judgment and default were vacated where the court had made an order giving the defendant ten days to file an answer, which answer was offered to the clerk, who refused to file it because of the entry of previous default and judgment.

*California Casket Co.* v. *McGinn* (10 Cal. App. 5); *Foster* v. *Vehmeyer* (133 Cal. 459). An order setting aside the default and judgment was granted where the default and judgment were entered before the time fixed by statute for service of the non-resident defendant by publication had expired.

(See *Ross* v. *Wellman*, 102 Cal. 1; *May* v. *Hatcher*, 130 id. 627; *Matter of Newman*, 75 id. 213, 220, and *Gray* v. *Hall, supra*, and cases cited therein.)

For the reasons expressed and upon the stipulation waiving a jury trial, verdict is directed for the plaintiff and against the

defendants for the sum of $3,015.34, with interest at seven per cent from January 14, 1926, together with plaintiff's costs and disbursements incurred in the action in the Superior Court of California amounting to $7. Upon the equitable defenses and counterclaims, the findings submitted have been marked. Submit decision and judgment accordingly on notice.