[Civ. No. 6640.   Second Appellate District, Division Two.—April 21, 1931.]

F. E. STEURI, Appellant, v. JOHN R. JUNKIN, Respondent.

Frazier McIntosh for Appellant.

Euler & Subith for Respondent.

THOMPSON (IRA F.), J.—This appeal is from an order vacating a default judgment. The facts are as follows: The defendant was served with a copy of the complaint and summons on January 6, 1929. It appears from an affidavit of one of defendant's attorneys that on January 16th an order was signed by a judge of the superior court extending the time within which defendant might answer to January 26, 1929; that on the sixteenth day of January defendant's attorneys instructed their process server to serve the order upon plaintiff's attorney; that the person engaged to make the service reported to defendant's attorneys that counsel for plaintiff refused to accept service. It further appears from the affidavit, without contradiction, that counsel for plaintiff had previously refused to accept service of papers in the action; that thereupon defendant's attorneys instructed the process server to again attempt to make service, and that on January 17, 1929, the order was actually served; that on the same day plaintiff's attorney caused the default of defendant to be entered, which was followed by the entry of judgment and the filing of a cost bill against defendant. On February 21, 1929, defendant served notice of intention to move to vacate the judgment, his notice stating: "said motion will be made upon the files and records of said action and upon the affidavit of Fred E. Subith (defendant's attorney) heretofore served". The court granted the motion.

Appellant contends that (1) the notice of motion was insufficient in that it failed to apprise appellant of the grounds of the motion; (2) the application for relief from the default should have been denied because it was not accompanied with a copy of the proposed answer; (3) the attorney's affidavit was insufficient as an affidavit of merits; and (4) that the court abused its discretion in vacating the judgment for the foregoing reasons.

These contentions of appellant are based on the supposition that defendant was *actually in default*, whereas

the facts show that he never was in default for the reason that the order extending time was obtained before the ten days in which defendant had to answer had expired. In California Jurisprudence, volume 21, at page 228, it is said: "If the defendant fails to answer within the statutory time, *or such further time as the court may allow,* his default may properly be entered." (Italics ours.) The order having been signed by a judge of the superior court, it was immaterial whether it was served upon plaintiff's attorney within the ten days. In *Swift* v. *Canovan,* 47 Cal. 86, it was held that where the defendant obtained an order extending his time to answer, but did not file or serve it, and the plaintiff, being ignorant of the order, before the time expired took judgment against him by default, that the court should, on payment of costs, open the default and permit the defendant to answer. Our Supreme Court has held that where, as in the instant case, default was prematurely entered and before expiration of the time to plead, but subsequent to the entry of default defendant appeared and attempted to file a pleading, the default judgment was void. (*Foster* v. *Vehmeyer,* 133 Cal. 459 [65 Pac. 974].) The case of *Quan Quock Fong* v. *Lyons,* 20 Cal. App. 668, 671 [130 Pac. 33], presents the identical question under consideration here except that in that case the order extending time was made from the bench and the clerk omitted to enter the order. The court there said:

"Appellant's first contention is that the notice of motion stated no grounds upon which the same would be based, as required by section 1010 of the Code of Civil Procedure. This section requires that the notice shall state when the motion will be made, the grounds upon which it will be made and the papers, if any, upon which it will be based We think a fair construction of the notice of motion may be said to state the grounds of the motion. It stated that the grounds were based upon the affidavit attached to and forming a part of the motion. This affidavit disclosed that the court had announced from the bench and entered upon the court calendar an order giving defendants until January 19th in which to answer. We think that reading this motion and affidavit together they state in a manner plainly to be understood that the motion would be based upon the grounds that the entry of default was made pre-

maturely and within the time allowed by the court for answering. We are then confronted with a question as to the necessity of an affidavit of merits where the motion is based upon facts showing a premature entry of default and judgment. We may assume that when a motion is for relief under section 473 of the Code of Civil Procedure, that an affidavit of merits is necessary. Under that section the parties are seeking relief on account of mistake, surprise, or excusable neglect. That section confers power upon the court to enlarge the time for answer. When such power has been exercised and an order made from the bench enlarging such time, it was the ministerial duty of the clerk to have entered such order in the minutes, and a party defendant who answers and tenders for filing the answer within such enlarged time is not guilty of any mistake or neglect, excusable or otherwise; and when the attention of the court is called to the failure of the clerk to enter the proper minute order and the entry of default on account thereof and the rendition of judgment based upon such unauthorized default, it possesses the power and it is the duty of the court to vacate such unwarranted proceeding . . . *The enlarged time given a defendant by a court to answer is as complete a protection from default as is the original time given to answer,* as specified in the summons, in which latter case no affidavit of merits is requisite. . . . We perceive no error in the action of the court in vacating the judgment and default, which was in line with what we conceive to have been its plain duty under the circumstances of the case.'' (Italics ours.)

■ The defendant, not having been in default, was not compelled to seek relief through compliance with the provisions of section 473 of the Code of Civil Procedure, and his notice of motion to set aside the default when read in connection with the affidavit filed therewith ''state in a manner plainly to be understood that the motion would be based upon the grounds that the entry of default was made prematurely and within the time allowed by the court for answering''. (*Quan Quock Fong* v. *Lyons, supra.*)

Order affirmed.

Works, P. J., and Craig J., concurred.