EDUARDO ACEVEDO, Plaintiff and Appellee, v. ELEONOR ACEVEDO, Defendant and Appellant.

No. 6485.  Argued May 1, 1934.—Decided May 9, 1934.

656

*La Costa & La Costa* for appellant. *José Veray, Jr.,* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

On October 7, 1931, Eduardo Acevedo appeared before the District Court of Aguadilla and through his attorney filed suit for divorce against his wife Eleonor Matheossian, otherwise known as Eleonor Acevedo, on the ground of abandonment.

On the same day he moved that service of summons by publication on defendant be ordered, as she resided outside of Puerto Rico, at 183 Wyckoff Street, Brooklyn, New York. He attached to his motion the affidavit required by law, and on the following day the court entered an order accordingly and directed that the notices (*edictos*) be published in "La Democracia," once a week for the term of one month, and that a copy of the complaint be mailed to the defendant.

On the 27th of the following November, the plaintiff requested from the clerk of the court that defendant's default be noted, and attached to his motion the corresponding affidavit of the manager of the newspaper "La Democracia" showing that the notices were published in the issues pertaining to October 12, 19, and 26, and November 5 and 12, 1931. With regard to the service by mail, he simply stated that it had been effected.

The concluding paragraph of the published notice, in so far as now pertinent, reads as follows:

"AND YOU ARE HEREBY NOTIFIED that if you fail to answer this complaint within ten days, if the summons is served within the district in which the action is brought and within twenty days if served out of the district, but in the Island of Puerto Rico, and within

forty days if served elsewhere, the plaintiff may demand the entry of the default and that judgment be rendered sustaining the complaint, upon hearing the evidence . . . ''

On the same day, November 27, 1931, the clerk noted the default, the case was called for trial, and the court, after considering the pleadings and the evidence introduced by the plaintiff, rendered judgment decreeing the divorce sought and directing that the minor daughter had during the marriage be placed under the care and custody of the plaintiff.

In this situation, on June 20, 1932, the defendant appeared through her attorney for the sole purpose of moving, as it did, to set aside said judgment on the ground, among others, that the same had been rendered at a time when the court lacked jurisdiction therefor.

This motion was overruled by an order of July 24, 1933, and the defendant took the present appeal therefrom.

The appellant has assigned three errors. We shall only consider one of them, that is, the ground above mentioned.

The view of the lower court is stated in the paragraph of its decision which we quote below:

''The term for the publication of the edicts herein expired on November 12, 1931. Under section 98 of the Code of Civil Procedure, the court is deemed to have acquired jurisdiction of the parties, and to have control of all the subsequent proceedings, from the time of the completion of the publication, when service by publication is ordered, as it happened in this case.''

We agree that the term for the publication of the edicts expired on November 12, 1931. We also agree that, in accordance with section 98 of the Code of Civil Procedure, the court would have acquired jurisdiction over the person of the defendant if said jurisdiction had depended solely on the publication, inasmuch as said section expressly provides that—''From the time of the service of the summons and of a copy of the complaint in a civil action, where service of a copy of the complaint is required, or of the completion of the publication, when service by publication is ordered, the

court is deemed to have acquired jurisdiction of the parties, and to have control of all the subsequent proceedings.''

But here the court directed that a copy of the summons and complaint be mailed to the defendant, as prescribed by law—section 95 of the Code of Civil Procedure—and it does not appear that compliance with this requirement was duly shown. The mere statement of the plaintiff through his attorney is not enough.

Now, even if such proof had been made, the clerk of the court was not in a position to note the default of the defendant nor was the court authorized to render judgment, as it did, without hearing her, on November 27, 1931, for at that time only fifteen days had elapsed since the completion of the summons and the law and the notice itself granted the defendant forty days for answering.

"In actions where the service of the summons was by publication," says subdivision 3 of section 194 of the Code of Civil Procedure, "the plaintiff, upon the expiration of the time for answering, may, upon proof of the publication, and that no answer has been filed, apply for judgment; and the court must thereupon require proof to be made of the demand mentioned in the complaint; . . .''

A defendant summoned by publication is considered to have been duly served, when the time prescribed by the order of publication has expired, and it is shown that compliance has been had with all the requirements of the order. The term allowed for answering begins to run from the date on which such service is perfected. That term was clearly forty days in this case, as a defendant residing out of the Island of Puerto Rico was involved.

In 1855, the Supreme Court of California, construing provisions that are similar to those which, since 1904, have regulated the matter in this island, held:

"The only error necessary to be considered, is the first one assigned, viz.: that the judgment was rendered before the expiration of the time allowed by law for the defendant to answer.

"There was an affidavit of the non-residence of the defendant, and an order of publication for three months. Almost immediately after the time for publication ceased, the judgment was rendered.

"This was wrong, according to the plain .interpretation of the statute. See Practice Act, pars. 25, 30, 31. The Act allows a party ten days after the service of the summons to file his answer, if served in the county; twenty days if out of the county, but within the judicial district; forty days in all other cases. A non-resident of the State would therefore come under the last clause, and be entitled to forty days, after the service of the summons.

"Then in that portion of the Act providing for service on non-residents by publication, it is declared, 'the service of the summons shall be deemed complete, at the expiration of the time prescribed by the order of publication.'

"It will be seen, therefore, that the publication only effects the service of the summons; and as the defendant has forty days to answer, after the service of the summons, it follows he must be entitled to forty days after the lapse of the period of publication.

"The judgment is reversed, and the cause remanded." *Grewell v. Henderson*, 5 Cal. 465, 466.

And the same court, forty-six years later, in *Foster* v. *Vehmeyer*, 133 Cal. 459, 460, expressed itself thus:

"The default in this case could not be taken until thirty days after the completion of service of the summons. The question is then presented, When was the service completed? Section 413 of the Code of Civil Procedure, among other matters, provides: 'The order must direct the publication to be made in a newspaper, to be designated, as most likely to give notice to the person to be served, and for such length of time as may be deemed reasonable, at least once a week; but publication against a defendant residing out of the state, or absent therefrom, must not be less than two months.' In the present case the defendant resided out of the state. There appears to be but one rational construction to be given this statute, and that is, the defendant is entitled to the publication of the summons for a period extending over two full calendar months. It is not at all necessary that two full calendar months should intervene between the first and last publication; but it is necessary that the summons be published once each week for those two months; and it is also necessary that from the day of the first publication two calendar months should intervene before the service of the summons

660

is complete. In other words, the first publication in this case having taken place upon June 14th, the period of two months expired upon August 13th, and thirty days must elapse after that time before a judgment by default can be taken. In this case the two months expired upon August 13th, and the default being taken upon September 11th, it is evident that it was prematurely taken."

As indicating the clear intention of the Legislature on the point we are now deciding, and although a different law is involved, see the express provisions appearing at the end of section 1 of Act No. 10 of 1921, Session Laws, p. 112.

One must be very careful in giving compliance to all the requisites provided by law, for, as said by the Court of Appeals for the First District of California, in *Quigley* v. *Ellenwood*, 82 Pac. 974, 975: "In taking a judgment by default the plaintiff acts at his peril. He must see that the law has been complied with and that the time for appearing has expired. Otherwise he takes the chances of having his judgment set aside or reversed."

Therefore, the order appealed from must be reversed and another rendered instead setting aside the judgment of November 27, 1931.