117  361
126  390

[L. A. No. 296.    Department Two.—June 18, 1897.]

# W. H. MINTZER, RESPONDENT, v. WILLIAM SCHILLING ET AL., APPELLANTS.

MUNICIPAL CORPORATIONS—SIXTH CLASS—DISINCORPORATION—CONSTITUTIONAL LAW.—The act of March 26, 1895, providing for the disincorporation of municipal corporations of the sixth class, is not in conflict with article IV, section 25, subdivision 33, of the constitution prohibiting the passage of local or special laws in cases where a general law can be made applicable.

ID.—PETITION FOR DISINCORPORATION.—Under that act the petition by the electors to the board of trustees need not directly and specifically pray for disincorporation. A prayer for a submission of the question of disincorporation to the vote of the electors is sufficient.

ID.—NOTICE OF ELECTION.—The published notice of the election required by the act need not be signed by the members of the board. A notice published by the clerk, over his official signature, showing that it was given by the authority of the board, is sufficient.

ID.—PUBLICATION OF NOTICE.—A weekly publication of the notice, beginning on the 27th of June, and ending on the 25th of July, of an election to be held on the 27th of July, is a sufficient compliance with the requirement of the statute for a publication for a period of thirty days prior to the election.

APPEAL from a judgment of the Superior Court of Los Angeles County.    W. H. CLARK, Judge.

The facts are stated in the opinion.

*W. T. Kendrick*, and *A. C. Lawson*, for Appellants.

*Mulford & Pollard*, and *Henry Bleeker*, for Respondent.

BRITT, C.—The town, or, as it is called officially, the city, of Long Beach, in Los Angeles county, is a municipal corporation of the sixth class, in which class are included all cities having less than three thousand inhabitants, organized under the act of March 13, 1883, "To provide for the organization, incorporation, and government of municipal corporations." Defendants compose the board of trustees of said town, which board is the legislative body of the corporation. Among the provisions of "An act to provide for the disinco··-

poration of municipal corporations of the sixth class," approved March 26, 1895 (Stats. 1895, p. 115), are the following: "A municipal corporation of the sixth class may disincorporate after proceedings had as required in this act. The council, the board of trustees, or other legislative body of such corporation, shall, upon receiving a petition therefor, signed by not less than one-fourth of the qualified electors thereof, as shown by the vote cast at the last municipal election held therein, submit to the electors of such corporation the question whether such municipal corporation shall disincorporate. Such question shall be submitted at a special election to be held for that purpose, and such legislative body shall give notice thereof by publication in a newspaper .... for a period of thirty days prior to such election." In June, 1896, a petition signed by the requisite number of electors was presented to said board of trustees, praying that body "to call an election in said city for the purpose of the disincorporation of said city, as provided for in an act," etc., designating the said statute of 1895. In compliance with such petition, the said board, by resolution passed June 25, 1896, made appropriate provision for such election, and directed that the same be held on July 27, 1896, and that the city clerk give notice thereof by publication in a specified weekly newspaper. Accordingly, the clerk published such notice over his official signature, reciting therein that it was given pursuant to said resolution of the board of trustees directing the same. The notice was published in five weekly issues of the designated newspaper, commencing on June 27th, and ending July 25th. The election was held July 27th, and a majority of the votes cast were in favor of disincorporation. The board of trustees, however, refused to canvass the returns, as required by the statute, and the present proceeding is in *mandamus* to compel them to do so. The court below awarded the writ as prayed by plaintiff.

The chief contention of appellants is that the act of

March 26, 1895, conflicts with the constitutional provision against special legislation; it is said that the act might have been made to apply to all classes of municipal corporations as well as to the sixth only, and hence that it violates the clause of the constitution prohibiting the passage of local or special laws,—" In all other cases where a general law can be made applicable." (Const., art. IV, sec. 25, subd. 33.) It seems to us that the question is not now open to debate; it is very apparent that a mode of disincorporation intimately affects the organization of a municipality; the method provided by this statute is strictly an organic, as distinguished from a functional, process, if we may use those terms in this connection; and it is settled that in matters pertaining to the organization of municipal corporations the legislature may make different provisions for the different classes thereof. (*People* v. *Henshaw*, 76 Cal. 436; *Pasadena* v. *Stimson*, 91 Cal. 238; *Los Angeles* v. *Teed*, 112 Cal. 319, 328. See, also, *Hellman* v. *Shoulters*, 114 Cal. 146, 147; *Johnson* v. *Milwaukee*, 88 Wis. 383.) We think the statute was within the power of the legislature to enact.

It seems to be the contention of appellants that a petition under the act must pray directly and specifically for disincorporation in order to authorize any action by the board of trustees, and not merely for a submission of the question of disincorporation to the vote of the electors. But the provision of the statute is for a submission of that question " upon receiving a petition therefor "; the petition here and the allegation thereof in the plaintiff's complaint were sufficient in that respect. The notice of election published by the clerk was good; it showed on its face that it was given by authority of the board of trustees, and it was not necessary that the members of the board should themselves sign the same, as supposed by appellants. Also, it was published for the requisite period; the publication began June 27th, and the election was held on July 27th; notice of thirty days within the meaning of the statute

was thus given. (*Derby* v. *Modesto*, 104 Cal. 515; *Bates* v. *Howard*, 105 Cal. 182.) Some other points are raised, but they are not sufficiently important to require special notice. The court properly granted the writ, and the judgment should be affirmed.

BELCHER, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.

HENSHAW, J., McFARLAND, J., TEMPLE, J.