[Sac. No. 764.   Department One. — July 26, 1901.]

JOHN B. FOSTER, Appellant, v. C. F. VEHMEYER, Respondent.

Summons — Service by Publication — Time to Answer — Default. — Under section 413 of the Code of Civil Procedure, a publication of summons against a defendant residing out of the state must be made at least once a week for a period extending over at least two full calendar months. It is not necessary that two full calendar months should intervene between the first and last publication; but it is necessary that the summons be published once each week for those two months, and that from the day of the first publication two calendar months should intervene before the service of the summons is complete. After the completion of such service, thirty days must elapse before a judgment by default can be taken against the defendant.

APPEAL from an order of the Superior Court of Sacramento County setting aside a judgment by default. Joseph W. Hughes, Judge.

The facts are stated in the opinion of the court.

L. T. Hatfield, for Appellant.

Bruner & Brothers, for Respondent.

GAROUTTE, J. — This appeal is taken from an order setting aside a default judgment. The question presented is, Was the default prematurely taken? Defendant was served with summons by publication. The order for publication provided: " It is ordered that service of the summons in this

action be made upon the defendant . . . in the Pacific Bee, a newspaper published in said county of Sacramento; that such publication be made at least once a week for two months." The first publication was made June 14th, and the last publication August 9th. The default was taken September 11th.

The default in this case could not be taken until thirty days after the completion of service of the summons. The question is then presented, When was the service completed? Section 413 of the Code of Civil Procedure, among other matters, provides: "The order must direct the publication to be made in a newspaper, to be designated, as most likely to give notice to the person to be served, and for such length of time as may be deemed reasonable, at least once a week; but publication against a defendant residing out of the state, or absent therefrom, must not be less than two months." In the present case the defendant resided out of the state. There appears to be but one rational construction to be given this statute, and that is, the defendant is entitled to the publication of the summons for a period extending over two full calendar months. It is not at all necessary that two full calendar months should intervene between the first and last publication; but it is necessary that the summons be published once each week for those two months; and it is also necessary that from the day of the first publication two calendar months should intervene before the service of the summons is complete. In other words, the first publication in this case having taken place upon June 14th, the period of two months expired upon August 13th, and thirty days must elapse after that time before a judgment by default can be taken. In this case the two months expired upon August 13th, and the default being taken upon September 11th, it is evident that it was prematurely taken.

The aforesaid section 413 of the Code of Civil Procedure also provides: "When publication is ordered, personal service of a copy of the summons and complaint out of the state is equivalent to publication and deposit in the post-office, and in either case the service of the summons is complete at the expiration of the time prescribed by the order for publication." Here, the time prescribed by the order of publication was two months, and therefore the service of summons was not complete until the expiration of that period of time. This is the construction given to this statute in the past. (*Savings*

*and Loan Society* v. *Thompson,* 32 Cal. 347.) In that case, by the order of publication, a three-months' publication was required, and the first publication being made upon January 10th, it was held that the service was completed upon April 9th, inclusive. While the last publication was made upon April 9th, the court still said, " We think that the summons had been published for three calendar months at the close of the ninth day of April, and that the first day of the forty within which the defendant was required to answer was on the 10th of April. But even if the three months for publication did not expire till the tenth day of April, there was no necessity for another publication. The 10th was in the same week with the 9th, and the summons had been published in that week. It had been published once in every one of the weeks that could by any possibility, in whole or in part, be brought into the three calendar months." It is unnecessary to review the many cases cited by appellant from other states, for each state has its own statute bearing upon the procedure to be followed, and it is upon the construction of these various and different statutes that the contrariety of decision has arisen.

Defendant appeared in the cause and filed his demurrer upon September 11th, the day the default was entered against him, but subsequent thereto. Under these circumstances, the default judgment being absolutely void, no affidavit of merits was required in order to support his motion to set it aside.

For the foregoing reasons the order is affirmed.

Van Dyke, J., and Harrison, J., concurred.