[Civ. No. 1323.    Second Appellate District.—December 3, 1913.]

GEORGE F. HOFFECKER, Appellant, v. BOARD OF SUPERVISORS OF LOS ANGELES COUNTY et al., Respondents.

Municipal Corporation—Proceeding to Incorporate—Petition of Electors—Affidavits as to Signatures.—In proceedings for the incorporation of a city of the sixth class, the affidavit of three qualified electors, filed with the petition, certifying the genuineness of the signatures to the petition of more than fifty of the qualified electors of the county residing within the proposed limits, is *prima*

*facie* evidence of the requisite number of signers; and if no other evidence is presented to or considered by the board of supervisors, it is bound to determine that it has jurisdiction to make its order, so far as such jurisdiction depends upon the number of qualified electors signing the petition.

Id.—Writ of Review—Questions That may be Considered.—In proceedings for a writ to review the action of the board of supervisors in granting such petition, the court cannot take into consideration any facts other than those which would appear in a return by the board showing the record of the proceedings before it; and in this case the return would show that the petition was signed by the requisite number of qualified electors, and therefore the alleged want of jurisdiction upon the ground of defect in number of qualified electors could not be made to appear in this proceeding.

Id.—Notice of Petition—Publication for Two Weeks.—The publication of the petition for incorporation, reciting that the same will be presented on September twentieth, in the issues of September thirteenth and twentieth of a weekly newspaper, is a sufficient publication for two weeks, and fulfills the requirements of the statute.

Id.—Publication Once a Week—Daily or Weekly Newspaper.—A requirement that a notice be published for a designated number of weeks in some newspaper published in the county is fully satisfied by a publication once each week for the designated number of weeks in a daily newspaper published in the county. The same is true when the newspaper is only of weekly publication.

APPEAL from an order of the Superior Court of Los Angeles County, dismissing plaintiff's petition and the writ of review issued herein. J. P. Wood, Judge.

The facts are stated in the opinion of the court.

James Donovan, and William B. Ogden, for Appellant.

J. D. Fredericks, District Attorney, Byron Hanna, Chief Deputy District Attorney, A. J. Hill, Deputy District Attorney, Geo. S. Hupp, and Frank E. Hill, for Respondents.

CONREY, P. J.—The appeal herein is from an order made and entered in the above-named superior court dismissing plaintiff's petition and the writ of review issued in the above-entitled cause.

It appears from the petition that on October 25, 1912, the board of supervisors of Los Angeles County granted the prayer of the petitioners in certain proceedings incident to

the proposed incorporation of a city of the sixth class, to be known as the city of Manhattan, and ordered an election to be held on November 25, 1912, for the purpose of determining whether said proposed city should become incorporated. The petition of the plaintiff herein was filed on November 20, 1912, and the writ was on that day issued and made returnable on November 23, 1912. It was on this last-named date that, in response to a motion of defendants, the court made the order from which the appeal is taken.

In substance, the claims of the plaintiff are that the board of supervisors was without jurisdiction to order said election, and that said want of jurisdiction resulted from the following facts, namely: 1. That less than fifty qualified electors of the county resident within the limits of the proposed incorporation were signers of the petition for incorporation; and, 2. That the petition for incorporation had not been published for at least two weeks before the time at which the same was to be presented to the board. Two other alleged defects in the proceedings are mentioned in the petition, but as these are obviously without merit and are not discussed in the briefs, they do not require further attention here.

One of the grounds of the motion to quash or set aside the writ and the petition herein was that, for reasons stated in the motion, the case is not one wherein a writ of *certiorari* properly issued. In a similar case the supreme court said: "It may be conceded, but only for the purposes of this case, that the board of supervisors, in determining that a proper petition has been so presented, supported by a proper affidavit that notice was published, acts judicially, or at least *quasi* judicially, and that its determination upon these matters is therefore subject to review." (*Borchard* v. *Board of Supervisors,* 144 Cal. 10, [77 Pac. 708].) We shall here make the same concession or assumption and proceed to determine whether the writ is maintainable on the facts of this case.

The transcript herein contains a copy of the affidavit of publication of notice of the petition for incorporation, including the petition itself and the statutory affidavit of three qualified electors certifying the genuineness of the signatures to the petition. Said documents last named were on file with the board of supervisors prior to the time when it ordered the election. The transcript does not definitely show that said

papers on file in the office of the board of supervisors were before the court as a part of the respondents' return on the writ of review at the hearing on November 23, 1912; but the petition herein refers to said petition for incorporation and said affidavit of publication and incorporates some of the contents thereof. This fact, together with the fact that the briefs herein assume said affidavit and copy of petition as a part of the record on appeal, will reasonably authorize us to make the same assumption.

It appears then that the board of supervisors, in granting said petition for the calling of an election to determine whether the proposed city should become incorporated, had before it a petition duly verified as the petition of more than fifty of the qualified electors of the county residing within the proposed limits. The affidavit filed with the petition was *prima facie* evidence of the requisite number of signers. (Municipal Corporations Act of 1883, [Stats. 1883, p. 94], sec. 2, as amended in 1889; Stats. 1889, p. 371.) It does not appear that any other evidence was considered by the board or presented to it for consideration. Upon the facts thus produced before the board it determined, and was bound to determine, that it had jurisdiction to make its order, so far as such jurisdiction depended upon the number of qualified electors signing the petition. In this proceeding for a writ of review the court cannot take into consideration any facts other than those which would appear in a return by the board of supervisors showing the record of the proceedings before it. The facts being as above stated, the return would show that the petition was signed by the requisite number of qualified electors, and therefore the alleged want of jurisdiction upon the ground of defect in number of qualified electors could not be made to appear in this proceeding.

The only other contention on behalf of plaintiff is that the notice that the petition would be presented on September 30, 1912, was not published for two weeks prior to the meeting of that date. The petition herein admits and the affidavit of publication shows that the notice was published on September 13, and on September 20, 1912, in a newspaper published weekly at the city of Redondo in said county of Los Angeles. This was a sufficient publication for two weeks and fulfills the requirements of the statute. "It is settled in this state that

a requirement that a notice be published for a designated number of weeks in some newspaper published in the county is fully satisfied by a publication once each week for the designated number of weeks in a daily newspaper published in the county." (*Sherwood* v. *Wallin,* 154 Cal. 735, [99 Pac. 191].) Of course, the same is true when the newspaper is only of weekly publication. None of the decisions cited by appellant are in conflict with the rule thus stated.

The order appealed from is affirmed.

James, J., and Shaw, J., concurred.