[Civ. No. 3029.   Third Appellate District.—January 22, 1926.]

## D. R. HANHART, etc., Appellant, v. COUNTY OF MADERA, Respondent.

**[1]** PUBLICATION — DELINQUENT TAX-LIST — SECTION 3766, POLITICAL CODE—CONSTRUCTION OF.—Under section 3766 of the Political Code, which provides that the publication of delinquent tax-lists by the tax collector must be made once a week for three successive weeks in some newspaper of general circulation published in the county, it is not necessary that the full time prescribed by said section shall intervene between the first and last publication; and three publications, one each week for the designated number of weeks, are sufficient.

**[2]** TAXATION — DELINQUENT TAX-LIST — UNNECESSARY PUBLICATION — DISALLOWANCE OF CLAIM FOR—CUSTOM—ESTOPPEL.—Under section 3766 of the Political Code, a tax collector has no discretion to cause the delinquent tax-lists to be published for four weeks, and the county is not legally bound to pay for the fourth publication; and as such fourth publication is unnecessary and is of no benefit to the county, the county may disallow a claim for such fourth publication, even though its previous uniform custom has been to pay for a fourth publication.

---

(1) 38 Cyc., p. 314, n. 43.   (2) 15 C. J., p. 562, n. 38.

1.  See 21 Cal. Jur. 517; 21 R. C. L. 1301.

APPEAL from a judgment of the Superior Court of Madera County.   Wm. D. Dehy, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Barcroft & Barcroft for Appellant.

Mason A. Bailey for Respondent.

FINCH, P. J.—Plaintiff published the delinquent tax-list of the defendant County in the month of June, 1924, once each week during four successive weeks.   His claim therefor was allowed for the first three publications, but disallowed as to the fourth.   This action was brought to recover for the fourth publication.   It was stipulated "that since the year 1893 it has always been the custom of the tax collector of the County of Madera to require the publication of the delinquent tax list or roll to be made four times during the three weeks' interval prescribed by law, and until the rejection of the claim on which this suit is brought, the supervisors of the County of Madera have always paid for making four publications of said delinquent tax list or roll." After three publications of the list had been made the tax collector, "by his requisition in writing," directed plaintiff to "complete the printing of the 1924 delinquent tax roll of Madera County (for taxes of 1923) according to section 3766 of the Political Code of California." The plaintiff thereupon made the fourth publication.   The defendant was given judgment and the plaintiff has appealed.

[1]   Section 3766 of the Political Code provides for the publication of delinquent tax-lists by the tax collector as follows: "The publication must be made once a week for three successive weeks in some newspaper of general circulation published in the county, and must be paid therefor at the county rate for advertising as fixed by the board of supervisors." In the construction of similar statutes the decisions of the courts of different jurisdictions are not in harmony.   "In some jurisdictions it is held that a provision of the statute for publication 'once a week for four successive weeks' contemplates 'a full four weeks' publication, and not four times in four different weeks.   In others the courts have held that such a provision does not mean four weeks

of seven days each, and that the publication is completed on the day on which the summons is published in the fourth successive week, although less than twenty-eight days have elapsed since it was first published." (21 R. C. L. 1301.) The latter rule of construction has been followed in this state. "Where the publication is made once each week instead of daily, it is not necessary that the full time prescribed by the order shall intervene between the first and last publication, but only that the summons shall be published once each week during the time prescribed." (21 Cal. Jur. 517.) "It is settled in this state that a requirement that a notice be published for a designated number of weeks in some newspaper published in the county is fully satisfied by a publication once each week for the designated number of weeks, . . . The two publications, one each week, constituted a publication for two weeks." (*Sherwood* v. *Wallin*, 154 Cal. 735, 739 [99 Pac. 191, 193].) Where a defendant is a nonresident of the state, publication of summons must be made at least once a week for not less than two months. (Code Civ. Proc., sec. 413.) "It is not at all necessary that two full calendar months should intervene between the first and last publication." (*Foster* v. *Vehmeyer*, 133 Cal. 459, 460 [65 Pac. 974]; *S. & L. Society* v. *Thompson*, 32 Cal. App. 347, 353. See, also, *Hensley* v. *Superior Court*, 111 Cal. 541, 542 [44 Pac. 232]; *Wise* v. *Williams*, 88 Cal. 30, 34 [25 Pac. 1064]; *Beck* v. *Wilson*, 49 Cal. App. 281, 282 [193 Pac. 158]; *Hoffecker* v. *Board of Supervisors*, 23 Cal. App. 405, 408 [138 Pac. 371].)

[2] Appellant contends that the tax collector had discretion to cause the list to be published for four weeks and that the defendant is legally bound to pay for such publication. The tax collector is no more authorized to contract for publication for one week more than the law requires than for five or any number of weeks. The statute is the measure of his authority. A fourth publication was unnecessary and was of no benefit to the County. A board of supervisors may certainly disallow a claim for an unnecessary and unauthorized expense incurred by an officer of the county. The complaint alleges that the County accepted the benefit of the fourth publication, and appellant contends that defendant is estopped thereby and by its previous uniform custom of paying for a fourth publication. As stated,

the County received no benefit from the fourth publication, and it requires no citation of authorities to show that the custom of allowing illegal claims for any length of time does not estop a public officer to reject a similar illegal claim. Undoubtedly the plaintiff made the fourth publication in good faith, but that fact does not warrant payment therefor from the public funds.

The judgment is affirmed.

Hart, J., and Plummer, J., concurred.