[Civ. No. 847. Fourth Appellate District.—March 28, 1933.]

## O. E. HOTCHKISS, Appellant, v. ANITA M. DARLING et al., Respondents.

626

Fred W. Lake for Appellant.

Shepard & Shepard for Respondents.

BARNARD, P. J.—Plaintiff filed this action to quiet title to certain lots in the city of Selma. The defendants filed a cross-complaint asking that their title be quieted as against the plaintiff. The defendants alleged and proved a sale of the lots to them by a trustee under the terms of a trust deed given by the plaintiff to the defendants to secure a note for $2,500. This appeal is taken from a judgment quieting title to the lots in the defendants, the only questions raised relating to the validity of the sale under the trust deed.

 It is first contended that the notice of sale, as published, did not comply with the provision of section 692 of the Code of Civil Procedure requiring such a notice to be published "once a week for the same period", the period referred to being twenty days. The notice here in question was published three times in a weekly newspaper, on August 15, August 22 and August 29, 1929. It is argued that since but fourteen days elapsed between the first and the last publication, the same was not published "for twenty days". In *Estate of Sankey,* 199 Cal. 391 [249 Pac. 517, 519], it is said: "It is apparent that but two weekly notices could be published during the period of ten days. This notice was actually published once each week for two successive times during the ten days prescribed, prior to the day of hearing. The first publication occurred December 16th, and the ten days prescribed expired on December 26th. The following Monday the matter was set for hearing. During that period the notice was published as often as it could have been done, once each week, to comply with the statute. In 21 Cal. Jur., at 517, it is said: 'Where the publication is made once each week instead of daily, it is not necessary that the full time

prescribed by the order shall intervene between the first and last publications, but only that the summons shall be published once each week during the time prescribed. Of course the full period prescribed must lapse after the first publication before the service is complete.' "

In *Foster* v. *Vehmeyer*, 133 Cal. 459 [65 Pac. 974], in commenting on another statute, the court said: "There appears to be but one rational construction to be given this statute, and that is, the defendant is entitled to the publication of the summons for a period extending over two full calendar months. It is not at all necessary that two full calendar months should intervene between the first and last publication; but it is necessary that the summons be published once each week for those two months; and it is also necessary that from the day of the first publication two calendar months should intervene before the service of the summons is complete."

A similar principle was applied in the case of *Mintzer* v. *Schilling*, 117 Cal. 361 [49 Pac. 209]. The statute here in question, providing for a publication once a week, would be complied with by publishing the notice the requisite number of times in a weekly newspaper. Such publication is to be for twenty days only and nothing in the statute requires that this period be extended. There can be but three publications in a weekly paper issued regularly on the same day of each week within a period of twenty days. To require an additional publication would be to add to the requirement of the statute.

It is next urged that it was not affirmatively shown at the trial that the notices which were posted remained posted "for twenty days". No objection was offered to testimony that the notices were posted and the court found that the sale was made "after due publication and posting of notice of said sale according to law". In the absence of any evidence to the contrary, this finding is supported by the presumption that the notices having been posted remained in place for the required time. (*West Berkeley* v. *Berkeley*, 164 Cal. 406 [129 Pac. 281]; *Estate of Sbarboro*, 70 Cal. 147 [11 Pac. 563].) There was also introduced in evidence the trustee's deed conveying the property to the respondents. This deed recites that notices of the sale were posted on each parcel of the property and in three of the most public places

in the township where the land was sold, naming the places, and that such posting was continued for a period not less than twenty days prior to the date of sale contained in the notice. The trust deed under which the sale was made, and which was signed by the appellant, contains the provision that in the event of a sale thereunder the recital in any deed given by the trustee of any fact or matter affecting the regularity or validity of such sale, shall be conclusive proof of the truthfulness of such recital. There is no merit in the objection referred to.

The only other point raised is that the sale is void because the trustee, at the time and place for which the sale was noticed, appeared and declared the sale adjourned to a later date. Not only does it appear from the evidence that this sale was thus postponed upon the request of and for the accommodation of this appellant but the trust deed itself provides that a sale thereunder may be postponed by the trustee by public announcement thereof at the time and place for which the sale was noticed. We are cited to no authorities, and we know of none, justifying the conclusion that this sale was rendered void by a postponement under the circumstances here shown.

The judgment is affirmed.

Marks, J., and Jennings, J., concurred.