[Sac. No. 5021. In Bank.—April 29, 1936.]

SACRAMENTO MUNICIPAL UTILITY DISTRICT, Respondent, v. ALL PARTIES AND PERSONS, etc., Defendants; PACIFIC GAS AND ELECTRIC COMPANY (a Corporation) et al., Appellants.

[Sac. No. 5013. In Bank.—April 29, 1936.]

SACRAMENTO MUNICIPAL UTILITY DISTRICT, Respondent, v. ALL PARTIES AND PERSONS, etc., Defendants; LESTER H. HOUGH, Appellant.

McCutchen, Olney, Mannon & Greene, Warren Olney, Jr., Thomas J. Straub and Henry & Bedeau for Appellants.

L. Shinn, Stephen W. Downey, Downey, Brand & Seymour and David F. Rawson for Respondent.

WASTE, C. J.—These actions were instituted by the plaintiff Sacramento Municipal Utility District to validate bonds issued by the district for the purpose of constructing works to supply the territory within the district with electric power. Judgment validating the issue was entered in each case in the court below, and these appeals followed.

A fundamental objection to the bonds, stressed in briefs and oral argument, is that a portion—in fact, the larger portion—of the territory to be served by the works to be constructed under the bond issue is not within the district at all. The district, as organized in 1923, consisted only of the city of Sacramento and the immediately adjoining territory, and comprised in all about eighty square miles. The act to provide for the organization of municipal utility districts in section 6a provides that any municipality or county water district not included within the boundaries of a utility district at the time of its creation may be subsequently annexed thereto. In 1934, proceedings were taken by the district to annex two large additional areas. One of these, known as the "South Territory," with an area of four hundred and ten square miles, was assumed to have been annexed by the proceedings and to have been thenceforth included within the district. The territory thus assumed to have become a part of the Sacramento Municipal Utility District included within its bounds a county water district known as the Galt County Water District. The result, appellants argue, is that the annexation proceedings were utterly void as to the territory of the Galt County Water District, and that territory was not annexed, is no part of the plaintiff district, and therefore the bonds approved by the voters of the entire district are invalid and void.

Section 6a of the Municipal Utility District Act (Stats. 1921, p. 245, and acts amendatory thereof; Deering's Gen. Laws 1931, vol. 2, Act 6393) provides that "annexation or inclusion of any . . . county water district" to a utility district shall not "operate to dissolve or terminate the legal existence of the . . . county water district so annexed," but such water district shall "retain its corporate existence until otherwise dissolved pursuant to provisions of law . . .

enacted for that purpose''. Following the annexation by plaintiff district of the Galt County Water District, as herein narrated, the secretary of the water district refused to execute certain bonds duly authorized for the district on the ground that the annexation of the water district by the plaintiff utility district precluded the water district from the exercise of the power to incur a bonded indebtedness. On proceedings in mandate to compel·the performance by the secretary of his official duty in the premises, the court held that the Galt County Water.District ''still retained power to incur a bonded indebtedness''. (*Galt County Water Dist.* v. *Evans*, 10 Cal. App. (2d) 116 [51 Pac. (2d) 202].) We do not accept appellants' view that the case of *Capuchino Land Co.* v. *Board of Trustees*, 34 Cal. App. 239 [167 Pac. 178], presents facts so ''almost identical with those of the present case'' as ·to carry conviction as against the above-quoted provision of section 6a, as construed by the court in the Galt Water District case, *supra*. The inclusion of the Galt County Water District within the territorial limits of the Municipal Utility District has not affected the legal existence of the included district. We find in the provisions of the statute no inhibition against the inclusion of the county water district within the boundaries of the Utility District, and none has been pointed out to us. The trial court found that ''there has been no error, irregularity or omission with respect to said annexation [of the small County Water District] which prejudices or affects the substantial rights of anyone; that if defendants [and appellants are defendants] ever had any right to contest the annexation of the territory added [by the annexation election] . . . these rights were and are barred by Section 6e of the Municipal Utility District Act''. No attack on the validity of the annexation proceedings had been made prior to the contentions now being advanced by the appellants in the present proceedings.

Section 6e provides in substance that the validity of any proceedings for the annexation of any county water district to a municipal utility district shall not be contested in any action not brought within three months of such proceedings. Such limitation as to the time for commencing an action to test the validity of the annexation proceedings is not subject to attack on the ground that it is unconstitutional. (*Miller & Lux* v. *Secara*, 193 Cal. 755 [227 Pac. 171]; *People*

v. *Los Angeles*, 93 Cal. App. 532 [269 Pac. 934].)
Even if section 6e be regarded as a curative act, it will cure all defects and proceedings not in violation of the Constitution. (*Golden Gate Bridge etc. Dist.* v. *Felt*, 214 Cal. 308 [5 Pac. (2d) 585].) County water districts are, by nature and organization, merely "taxing districts", and therefore the legislature has plenary control over matters pertaining to their organization and change of boundaries. (*In re Bonds of Orosi Public Utility Dist.*, 196 Cal. 43 [235 Pac. 1004].) In many decisions of this court it has been held that the extent of annexed territory, and similar questions, are political and not judicial questions—purely questions of policy and expediency. For example, see *People* v. *City of Los Angeles*, 154 Cal. 220, 224, 225 [97 Pac. 311]; *Reclamation Dist.* v. *Superior Court*, 171 Cal. 672, 680 [154 Pac. 845]. The assent of the electors of the territory concerned is practically the essential element to be considered, provided no constitutional provisions or guaranties are violated. (*Chase* v. *Trout*, 146 Cal. 350, 359 [80 Pac. 81]; see, also, 18 Cal. Jur. 775.) In this case, the vote of the electors in both the annexing and the annexed territory was overwhelmingly in favor of the annexation.

For the foregoing reasons, we are of the view that the inclusion of the territory within the boundaries of the Galt County Water District in the territorial boundaries of the Sacramento Municipal Utility District was not illegal, and, as to the points raised by appellants, does not affect the validity of the issue of bonds voted for the purpose of constructing the works for furnishing electric power within the district.

 Appellants' next attack is directed against the provisions of the proposition calling for the bond issue as submitted to the electors. It submitted, argue appellants, an alternative and uncertain purpose. The resolution adopted, the ordinance calling the election, and the ballots used by the voters each set out the purpose as being "the acquisition and construction by the said District of a certain revenue-producing municipal utility improvement, towit: works, or parts of works, within or without, or partly within and partly without, said District for supplyng the inhabitants of said District and any municipality therein with light, power and heat, including lands, structures, rights, ma-

chinery, apparatus, rights of way, lines, conduits and other property necessary therefor; that said works, or parts of works, within or without, or partly within and partly without, said District, for supplying the inhabitants of said District and any municipality therein with light, power and heat, including lands, structures, rights, machinery, apparatus, rights of way, lines, conduits and other property necessary therefor are necessary and convenient to carry out the objects, powers and purposes of said District . . . '' We do not agree with appellants. The rule is that public bodies may submit bond propositions in broad and general terms. Such a body may make its order of submission ''just as broad, and just as narrow'', or just as specific as it is willing to be bound by. (*O'Farrell* v. *Sonoma County,* 189 Cal. 343, 347 [208 Pac. 117].) When the authorities having the power and responsibility of proposing the bond issue have not, by the forms employed in submitting the proposition to the electors, confined themselves to an absolutely definite and inflexible plan of construction and expenditure, and have proceeded, free from fraud and in good faith, in accordance with the program based upon estimated costs, no good reason appears why they should not be permitted to carry on the improvement to the extent of the funds available. (*Williams* v. *City of Stockton,* 195 Cal. 743, 756 [235 Pac. 986].) This language was used in construing the requirement of the act relating to incurring indebtedness by municipalities for municipal improvements (Stats. 1901, p. 27), which provides (sec. 2) that in submitting the proposition to the electors the ordinance shall recite ''the estimated cost of the public improvements. . . . '' The Public Utilities Act we are considering requires (sec. 15) that the ordinance shall recite '' . . . the estimated cost of the utility, works . . . to be acquired, constructed or completed. . . . '' The proposition as submitted to the electors satisfied all legal requirements.

Appellant Pacific Gas and Electric Company pleaded in its answer, as a special defense, that if district taxes should be levied on its plant to pay the bonds such taxes would be confiscatory, and would deprive it of its property without due process of law, and deny to it the equal protection of the laws, contrary to the Fourteenth Amendment of the Constitution of the United States. The trial court

sustained objections to all evidence offered in support of this issue, and no evidence was offered against it; but the court made a specific finding on the issue against appellant, negativing the allegations. Appellant now contends that the judgment validating the bonds should be reversed because of the finding. That is not necessary. This action is one to validate the bond issue voted by the electors of the district, and nothing more. No issue as to liability of property in the district for any tax levied is involved in the cause. Assuming, but only for the purpose of this discussion, that justiciable controversies may arise in future over such questions, a present consideration of the issue attempted to be raised by the special defense is clearly beyond the scope of the action. Pursuant to the power conferred on this court by the provisions of section 956a of the Code of Civil Procedure, finding XVIII is stricken out, and in lieu thereof the following is inserted:

"XVIII.

"The issue sought to be tendered by appellant Pacific Gas and Electric Company, that the issuance of the bonds herein validated, or the construction of the improvements contemplated under the bond issue, will deprive the defendants of their property without due process of law, and will deprive defendants of the equal protection of the law contrary to the Fourteenth Amendment of the Constitution of the United States, is premature. No evidence was received in response to said issue, and the court makes no finding thereon."

Appellant Lester H. Hough, owner of property within the district, presents a separate appeal from the judgment. On the day the action to validate the bonds was filed, the trial court made an order directing that summons be published for at least once a week for three successive weeks. It was published for four weeks. It notified all defendants to appear and answer within ten days "after the full publication of such summons", specifying that the period of ten days would expire on the fourth day of February, 1935. The publication was on January 3, 10, 17 and 24, one more publication than was legally required. From these facts appellant Hough contends that the summons fixed an erroneous appearance day, and the court never obtained jurisdiction over him, for which reason, he argues, the judgment against him is void and should be set aside. In short, Mr.

Hough is complaining that he was given too much time in which to appear in the action. He appeared specially, and sought by motion to quash the summons. We are not impressed with his exceedingly technical point, or his tenacious discussion of the law on the subject. When the full period of three weeks elapsed after the first publication, on January 3d, the service was complete. The defendant sustained no injury due to the fact that a longer notice was given than was legally required. In *Municipal Improvement Co.* v. *Thompson,* 201 Cal. 629, at page 632 [258 Pac. 955], a thirty-day notice was held good when only twenty days was required by the statute. Although we deem it unnecessary to go to foreign jurisdictions in discussing such a technical point, we cite *Armstrong* v. *May,* 55 Okl. 539 [155 Pac. 238], where it was held, on facts similar to those here, that the party had his full number of days in which to answer, and "therefore he was not deprived of any substantial right, and the position urged is not tenable".

The judgment validating the bond issue is affirmed.

Curtis, J., Shenk, J., Seawell, J., Conrey, J., and Thompson, J., concurred.

Rehearing denied.