[Civ. No. 20751.   First Dist., Div. One.   June 11, 1963.]

JUAN M. SAHAGUN, Plaintiff and Respondent, v. FANNIE A. DICKISON, Defendant and Appellant.

Laura O. Coffield for Defendant and Appellant.

Farr & Horan and Richard T. Wilsdon for Plaintiff and Respondent.

BRAY, P. J.—Defendant appeals from judgment quieting title in plaintiff in certain real property.

#### QUESTION PRESENTED

May defendant on appeal for the first time question the description in the tax deed?

#### RECORD

Plaintiff's complaint alleged ownership in certain described

real property in Monterey County.[1] He alleged title by reason of a tax deed. Defendant filed a general and specific denial of the allegations of the complaint. At the trial it developed that the property was assessed for taxes in 1946, sold to the state in 1947, for nonpayment of those taxes, deeded to the state in June 1952, and in September 1952, deeded to plaintiff by the tax collector of Monterey County. Defendant claimed through grantors who at the time defendant's deed was recorded had no record interest in the property.

The court found plaintiff to be the owner of the property which is described in the findings and judgment by reference to a recorded map and by metes and bounds, and quieted plaintiff's title thereto.

### FAILURE TO QUESTION DESCRIPTION

No contentions are raised on this appeal as to any of the issues presented to the trial court. Defendant now contends that the description of the property as set out in the deeds to the state and from the state to plaintiff is so defective as to make the deeds void, and that therefore the validity of the tax deed was not established. No such contention was made in the trial court. It is too late to raise that question now. "It is elementary that questions not raised in the trial court will not be considered on appeal. (See many cases collected 3 Cal.Jur.2d § 140, p. 604.) Under this well settled rule a party is prohibited from asserting on appeal claims to relief not asserted or requested in the court below, and is prohibited from asserting matters of defense not there presented. [Citations.]" (*Algeri* v. *Tonini* (1958) 159 Cal.App.2d 828, 832 [324 P.2d 724].)

As said in 3 Witkin, California Procedure, page 2261, one of the reasons for the general rule is "simply that it is *unfair to the trial judge and to the adverse party* to take advantage of an error on appeal when it could easily have been corrected at the trial."

Defendant admits that the trial court's attention was not called to the now claimed defectiveness of the description, but contends that the validity of the tax deeds was before the trial court and that for that reason defendant may now raise this issue. The property was described in the tax deed, as "Map of Locke Paddon Add to Salinas Sub 3 of Lot 71 & Sub 1 of Lot 72." Defendant contends that as the volume

---

[1]The complaint named three defendants. Two of them executed quitclaim deeds to plaintiff and the action was dismissed as to them.

and page of recording of the map is not given, the description was defective. Although "A description which names a subdivision but does not give a map reference is *prima facie* invalid" (*Edwards* v. *City of Santa Paula* (1956) 138 Cal. App.2d 375, 381 [292 P.2d 31]; italics added; see also *McLauchlan* v. *Bonynge* (1911) 15 Cal.App. 239, 240 [114 P. 798]), nevertheless "Within the rule that parol evidence may be received to identify the land by use of the deed description, it is proper to consider maps corresponding to the incomplete reference found in the deed. . . . If it is shown that there is but one such map, it becomes a part of the description as if written in the deed." (*Edwards* v. *City of Santa Paula, supra,* pp. 381-382.) "Notwithstanding the fact that such description is, when considered alone, insufficient, the party relying upon the assessment containing such incomplete description 'may supplement his case by showing that the description in the assessment is in fact sufficient to identify the property.' " (*McLauchlan* v. *Bonynge, supra,* pp. 240-241.) Thus it appears that even though the description in the tax deeds in question here might be *prima facie* invalid, it does not follow that that description is actually invalid. The testimony of the assistant secretary of the Monterey County Title Company shows that the map referred to is on file in the Monterey County Recorder's Office in "Map Book 2, Maps and Grants, Outside Lands, at Page 6," and that the property described in the tax deeds is the same property described more particularly by the metes and bounds description which appears in the findings and judgment.

By allowing plaintiff and the trial court to believe that no question of sufficiency of the description was involved in the case, defendant precluded plaintiff from offering further evidence concerning the map mentioned in the description, if necessary, and the trial court from passing on the validity of the description. Therefore, it is too late to raise the question now.

The judgment is affirmed.

Sullivan, J., and Molinari, J., concurred.

A petition for a rehearing was denied June 28, 1963, and appellant's petition for a hearing by the Supreme Court was denied August 7, 1963.